**UNTED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**KAIRI MYRICK**
**41 Hamilton Ave.**
**Frederick, MD 21701**

      **Plaintiff,**　　　　　　　　　　　　**Civil Action No.: 25-966**

**v.**

**CITY OF FREDERICK**
**101 N. Court Street**
**Frederick, MD 21701**

**IRVIN SOLANO**
**101 N. Court Street**
**Frederick, MD 21701**

**NICHOLAS HURLEY**
**101 N. Court Street**
**Frederick, MD 21701**

**KEVIN LONG**
**101 N. Court Street**
**Frederick, MD 21701**

**BIG FISH ENTERTAINMENT, LLC**
**4733 Bethesda Ave.**
**Bethesda, MD 20814**

      **Defendants.**

---

**COMPLAINT**

---

    Plaintiff Kairi Myrick and for his complaint against Defendants City of Frederick ("Frederick Police"), Officer Irvin Solano, Officer Nicholas Hurley, Kevin Long, and Big Fish Entertainment, LLC, ("Big Fish") and respectively avers as follows:

**INTRODUCTION**

Television shows with police officer protagonists are ubiquitous on American television. Both fictional shows and reality shows portray a world where criminals are nearly always apprehended. However, this is a distortion of reality, as crimes mostly go unsolved and police officers infrequently make arrests. What does this omnipresence of this genre mean for the general public's conception of police, for the practice of policing, and for the communities being policed?

Victimless crimes increase by 20 percent when police departments filmed with reality television shows, concentrated in the officers actively followed by cameras. The arrests do not meaningfully improve public safety and come at a costs of the local public's confidence.

Emma Rackstraw
Harvard University, When Reality TV Creates Reality:
How "Copaganda Affects Police, Communities, and
Viewers (Publ. Nov. 2023)

_____

## **PARTIES**

1. Plaintiff Kairi Myrick is a person and is a resident of the state of Maryland.

2. Defendant Big Fish Entertainment, LLC is an organization principally based in state of Maryland.

3. The City of Frederick is a governmental body principally based in the state of Maryland.

4. Irvin Solano is a person and police officer for the City of Frederick, Maryland.

5. Nicholas Hurley is a person and police officer for the City of Frederick, Maryland.

6. Kevin Long is a person and police officer for the City of Frederick, Maryland.

## **JURISDICTION AND VENUE**

7. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. § 1391(b) because Defendants conduct business and can be found in this judicial district.

9. The events giving rise to the claims in this action occurred in this judicial district.

10. Plaintiff has complied with the Local Government Tort Claims Act by providing written notice to the Defendant local government in this case and noticing the entity of the allegations and claims herein.

## FACTUAL ALLEGATIONS

11. Plaintiff resides and is a citizen of Frederick County, Maryland.

12. The City of Frederick Police Department contracted with Big Fish Entertainment, LLC to permit the City of Frederick Police to appear in the documentary series "On Patrol: Live"

13. The docuseries aired on Friday, July 12, 2024.

14. On or about July 13, 2024, Frederick Police responded to the Frederick County Marc Train Station, to investigate a suspected robbery of an individual on the platform. The victim, who was visibly intoxicated, told Frederick County Police Officer that the suspect committed a "robbery" against him.

15. After the victim reported the crime, Frederick Police combed a surrounding low-income neighborhood, and at times with weapons drawn.

16. The Frederick Police searched the low-income community with an intention of searching for "two" "black male suspects, one wearing a white tank top, one wearing a grey tank top...both wearing shorts.[1]"

17. The two suspects were described as "6'3" and "5'8." The suspects were described to have crew cuts.

18. After getting the description from the victim, Frederick Police continued scouring the low-income housing area to see if the officers could "match the description."

---

[1] The following quotes are taken from the On Patrol: Live television airing in Frederick County, Maryland on July 13, 2024. Nicholas Hurley

19. While the Frederick Police officers continued their search for a suspect, Myrick left his home and proceeded outside. But while Myrick was randomly standing outside of his building, three Frederick County police officers, Officer Irvin Solano, Officer Nicholas Hurley, and Officer Kevin Long immediately and abruptly apprehended Myrick outside of his home.

20. At the time of the immediate arrest, Myrick was wearing a white t-shirt and jeans and had dreadlocks. The officers, on live television, told Myrick that he was being arrested for "robbery."

21. The officers that knowingly arrested Myrick without probable cause, were Officer Nicholas Hurley, Officer Irvin Solano #601, and Officer Kevin Long #499.

22. The entire arrest was captured on live television and seen by thousands of residents in the greater Washington D.C., Virginia area and Maryland.

23. All of the Defendants knew that Myrick was not the criminal suspect in questions, as identified by the victim Paul.

24. However, Big Fish continued to film and livestream the arrest, and the Defendant City of Frederick and Officers, continued to arrest Myrick on live television, for the entire world to see. Each of the Defendants knew that Myrick was not the right suspect involved in the alleged crime.

25. Big Fish's livestream of Myrick's arrest falsely exposed Myrick to ridicule, embarrassment, scorn, and criminalization from members of his own community and to the entire world.

26. Myrick was mocked by viewers and referred to as a criminal on Facebook.

4



27. Members of Myrick's community believed that the Frederick Police Officers apprehended the right suspect on the live television, when they did not.



28. On July 13, 2024, Myrick was charged with "unlawfully and feloniously rob[bing] Paul Douglas Warthen Sr. of $60 USD."

29. Within the police report, Officer Solano stated Myrick "fi[t] the description Paul provided." The statements made by the Officers within the police report were false.

30. To date, the police report and criminal charge remain public for the world to see.

31. To date, the <u>On Patrol: Live</u> episode tying Myrick to a crime for which he did not commit, remains public for the world to see. The episode has been logged by viewers on Facebook.

32. As a result of the Defendants' conduct, Myrick has suffered from emotional distress, embarrassment, and ridicule, such that he sought treatment.

33. As a result of the Defendants' conduct, Myrick's reputation has been permanently damaged within the community.

## **CAUSES OF ACTION**

### **COUNT I: 42 U.S. Code § 1983**
### **False Arrest in violation of Fourth Amendment**
### **(All Individual Defendant Officer's)**

34. Plaintiff incorporates every preceding paragraph as alleged above.

35.  Defendants executed a warrantless arrest that lacked probable cause.

36. Plaintiff was unlawfully seized in violation of the Fourth Amendment.

37. Defendants failure to follow the department's policies, and not the policies

38. WHEREFORE, Plaintiff prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate**.**

## COUNT II: 42 U.S. Code § 1983
## False Imprisonment in violation of Fourth Amendment
## (All Individual Defendant Officer's)

39. Plaintiff incorporates all paragraphs herein *seriatim.*

40. Defendants deprived Plaintiff of his liberty without consent and without legal justification.

41. Defendants had no probable cause to believe that crime or felony had been committed, and that the arrestee perpetrated the offense.

42. Defendant, by and through, its agents or supervisors, arrested Plaintiff without probable cause.

43. WHEREFORE, Plaintiff pray for judgment against Defendant for all damages allowable by law, including injunctive relief, statutory damages, unlimited compensatory damages, treble damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

## COUNT III: Article 24 of the Maryland Constitution: False Imprisonment
## (All Individual Defendant Officer's)

44. Plaintiff incorporates all paragraphs herein *seriatim.*

45. Defendants deprived Plaintiff of his liberty without consent and without legal justification.

46. Defendants had no probable cause to believe that crime or felony had been committed, and that the arrestee perpetrated the offense.

47. The deprivation of rights by the Defendant Officers are a direct violation of the Maryland Constitution.

48. Defendant, by and through, its agents or supervisors, arrested Plaintiff without probable cause.

49. WHEREFORE, Plaintiff pray for judgment against Defendant for all damages allowable by law, including injunctive relief, statutory damages, unlimited compensatory damages, treble

damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

### COUNT IV: Article 24 of the Maryland Constitution: False Arrest
### (All Individual Defendant Officer's)

50. Plaintiff incorporates all paragraphs herein *seriatim*.

51. Defendants deprived Plaintiff of his liberty without consent and without legal justification.

52. Defendants had no probable cause to believe that crime or felony had been committed, and that the arrestee perpetrated the offense.

53. The deprivation of rights by the Defendant Officers are a direct violation of the Maryland Constitution.

54. Defendant, by and through, its agents or supervisors, arrested Plaintiff without probable cause.

55. WHEREFORE, Plaintiff pray for judgment against Defendant for all damages allowable by law, including injunctive relief, statutory damages,  unlimited compensatory damages,  treble damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

### COUNT V: Negligence – Respondeat Superior
### (City of Frederick)

56. Plaintiff incorporates every preceding paragraph as alleged above.

57. Local government entities have respondeat superior liability for civil damages within the scope of employment.

58.  The Defendant has derivative liability under the doctrine of respondeat superior for violation of Plaintiff's state constitutional rights.

59. At the time of these events, the Defendant City had an agency or employment agency with the Defendant officers.

60. The Defendant is liable for tortious conduct of their employees or officers acting within the scope of their employment.

61. The Defendant officers committed violations of Plaintiff's rights under the Maryland Constitution and federal law.

62. WHEREFORE, Plaintiff prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

## COUNT VI: 42 U.S. Code § 1983
### (City of Frederick)

63. Plaintiff incorporates every preceding paragraph as alleged above.

64.  Under 42 U.S. Code § 1983, the Defendant can be held liable where it is itself the wrongdoer.

65. The Defendants action, decision, and policy employ Defendant Big Fish, contributed to unconstitutional false imprisonment and false arrest, promulgated by Defendant's officers.

66. WHEREFORE, prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

## COUNT VII: False Light
### (City of Frederick)

67. Plaintiff incorporates every preceding paragraph as alleged above.

68. The Defendant exposed to publicity in a false light before the public that Plaintiff was a criminal or had perpetuated a crime.

69. A reasonable person would find the publicity of Defendants conduct to by highly offensive.

70. The Defendant had knowledge of or acted in reckless disregard of the publicized matter placing plaintiff in false light.

71. WHEREFORE, Plaintiff prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

## CLAIMS AGAINST DEFENDANT BIG FISH

### COUNT VIII: False Light
### (Defendant Big Fish)

72. Plaintiff incorporates every preceding paragraph as alleged above.

73. The Defendant exposed to publicity in a false light before the public that Plaintiff was a criminal or had perpetuated a crime.

74. A reasonable person would find the publicity of Defendants conduct to by highly offensive.

75. The Defendant had knowledge of or acted in reckless disregard of the publicized matter placing plaintiff in false light.

76. WHEREFORE, Plaintiff prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

### COUNT IX: Negligence

**(Defendant Big Fish)**

77. Plaintiff incorporates every preceding paragraph as alleged above.

78.  Defendant Big Fish acted in concert with all above Defendants.

79. Defendant Big Fish had a duty to employ reasonable care.

80. Defendant Big Fish had a duty of care to act reasonable in avoiding the airing false or misleading information for the public to view.

81. Defendant Big Fish breached its due of case and caused damages to the Plaintiff.

82. WHEREFORE, Plaintiff prays for nominal damages; compensatory damages, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney's fees and the costs of this litigation; back pay, front pay, and future benefits, as may be appropriate; pre- and post-judgment interest; and any other relief the Court deems necessary and appropriate.

**JURY DEMAND**

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated: March 23, 2025

By: */s/Ikechukwu Emejuru*
        Ikechukwu Emejuru
        **Emejuru Law L.L.C.**
        8403 Colesville Road
        Suite 1100
        Silver Spring, MD 20910
        Telephone: (240) 638-2786
        Facsimile: (240)-559-2984
        iemejuru@emejurulaw.com

11